Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**　　　　　　　　　　　　　　　Case No. **16-11077**

Debtor(s)　　　　　　　　　　　　　　　　　　　　　Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN　　☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

---

### Plan Summary

A. The Debtor's Plan Payment is scheduled at **Variable Payments** [ ☑ Pay Order, ☐ Direct Pay ] for **60 months**. The gross amount to be paid into the plan is **$32,491.00**.

B. The Plan proposes to pay all allowed priority, special class and secured claims and approximately **1%** of the unsecured allowed claims. THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to receive distributions under any plan. Other than adequate protection payments, disbursements will begin after entry of an order of confirmation of the plan.

C. Value of non-exempt assets **$0.00**.

D. Current monthly income **$4,900.66**, - expenses **$4,800.66** = available for plan **$100.00**.

E. The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan. The IRS or the Debtor(s) are directed to forward the refund to the Trustee.

### Special Plan Provisions

**Attorneys Fee Disbursement**
To the extent funds are available for distribution the Attorney's fees will be paid in the following manner: $750.00 for the first disbursement following confirmation, and then $350.00 per month thereafter.

### Plan Provisions

### I. Vesting of Estate Property

Upon confirmation of the plan, all property of the estate shall vest in the Debtor(s), and shall not remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| 6500 Grandview LLC | residential lease agreement | Assumed | No |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Cook Moving System | Storage Rental Contract | Rejected | No |
| Mccollistor's Transportation Group | Storage Rental Fee | Rejected | No |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**     Case No. **16-11077**

Debtor(s)     Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN    ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 1*

### III. Specific Treatment for Payment of Allowed Claims

**1. DIRECT PAYMENTS BY DEBTOR TO CREDITORS; SURRENDER OF COLLATERAL**

A. Debtor shall pay the following creditors directly:

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|
| Fed Loan Serv | | $14,991.00 | $160.00 |
| Fed Loan Serv | | $14,171.00 | $152.00 |
| Fed Loan Serv | | $12,125.00 | $130.00 |
| Fed Loan Serv | | $8,315.00 | $89.00 |
| Fed Loan Serv | | $8,040.00 | $86.00 |
| Fed Loan Serv | | $7,515.00 | $80.00 |
| Fed Loan Serv | | $2,679.00 | $28.00 |
| Fed Loan Serv | | $970.00 | $9.00 |
| Sallie Mae | | $19,373.00 | $244.00 |
| Wells Fargo | | $11,917.00 | $119.00 |

B. Debtor shall surrender the following collateral:

| Creditor Name / Collateral Surrendered | In Full Satisfaction (Yes/No) | Debt Amount |
|---|---|---|
| American Honda Finance Corporation 2012 Honda CRV | No | $24,680.36 |

C. Creditor's Direct Communication With Debtors

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate directly with the debtor(s) in response to a debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquiries.

**2. PAYMENTS BY TRUSTEE**

A. Administrative Expenses (including Attorney's fees)
*The Trustee may receive up to 10% of all sums received.*

| Creditor | Estimated Amount of Debt | Monthly Payment Amount |
|---|---|---|
| Fred E. Walker, P.C. | $2,570.00 | |

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**   Case No. **16-11077**

Debtor(s)   Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN   ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

---

B. Ongoing Mortgage Payments

The Trustee shall pay all post-petition monthly mortgage payments on claims against real property that were delinquent on the petition date ("Ongoing Mortgage Payments"). The Ongoing Mortgage Payments will be in the amount stated in the allowed proof of claim or as fixed by Court order. If the debtor makes a Plan payment that is insufficient for the Trustee to disburse all Ongoing Mortgage Payments required below, such payments will be disbursed in the order listed below. The Trustee shall hold debtor payments until a sufficient amount is received to make a full Ongoing Mortgage Payment. The debtor shall provide to the Trustee all notices received from Mortgage Creditors including statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit Mortgage Creditors to issue such notices. Changes to the monthly Ongoing Mortgage Payment or the addition of post-petition mortgage fees and charges shall be effectuated pursuant to the *Standing Order Relating to Ongoing Mortgage Payments in Chapter 13 Cases in the Austin Division.*

| Mortgage Creditor / Property Address | Monthly Mortgage Payment (proof of claim controls) | Monthly Late Charge | Interest Rate (for information only) | Payment Due Date (per contract) | Paid by Trustee OR Paid Direct by Debtor (select one) |
|---|---|---|---|---|---|
| | | | | | |

C. Secured Claims - Real Property; Mortgage Arrearage

The plan will cure pre-petition arrearage claims pursuant to the payment schedule set forth in the plan. The amount of the mortgage arrearage claim to be paid through the plan will be the amount of the mortgage creditors' allowed proof of claim, unless a different amount is established by court order. The amount set forth in the proposed plan and any subsequent order confirming the plan is an estimate only and is not binding on the Debtor(s) or the mortgage creditor and is not an admission on the part of the Debtor(s) nor does it prohibit the Debtor(s) from filing an objection to the mortgage creditor's claim. Unless funds are available to pay all classes on a monthly basis, secured claims will be paid ahead of unsecured claims.

| Creditor / Property Address / Description of Collateral | Estimated Claim | Mo. Pmt or Method of Disbursement | Interest Rate (if applicable) | Other Remarks |
|---|---|---|---|---|
| | | | | |

D. Secured Claims - Personal Property; **Adequate Protection Payments;** *MOTIONS TO VALUE COLLATERAL*

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full amount of the claim, as specified below, plus interest thereon at the rate specified in this Plan. FAILURE OF THE SECURED CREDITOR TO OBJECT TO THE PROPOSED VALUE WILL BE DEEMED ACCEPTANCE OF THE PLAN UNDER SECTION 1325(a)(5)(A). Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(E).

In the first disbursement following the filing of a claim by a creditor holding an allowed claim secured by personal property, the Trustee shall commence making adequate protection payments in the amount set out below, unless otherwise ordered by the Court. Such payments shall cease upon confirmation of the plan.

Unless funds are available to pay all classes on a monthly basis, secured claims will be paid ahead of unsecured claims.

| Creditor/Collateral | Adequate Protection Payment | Other Treatment/Remarks |
|---|---|---|
| | | |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**    Case No. **16-11077**

Debtor(s)    Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN   ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 3*

The Debtor moves to value collateral described below in the amounts indicated. The Debtor(s) declares, under penalty of perjury, that the foregoing values as stated in the above Motion and the Plan for the secured debt are true and correct and to the best of their knowledge represent the replacement value, pursuant to Section 506(a)(2), of the assets held for collateral.

**/s/ Carolyn Sonja Pehrson**
Carolyn Sonja Pehrson, Debtor

Objections to Valuation of collateral proposed by this plan must be filed no later than fourteen (14) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. Following confirmation of the plan, monthly payments shall be made as follows:

| Creditor / Collateral | Est. Claim | Value of Collateral | Monthly Payment | Interest Rate | Pay Value of Collateral (OR) Pay Full Amount of Claim (select one) |
|---|---|---|---|---|---|
| 800 Loanmart 2005 Honda Odyssey | $3,264.00 | $6,337.50 | Pro-Rata | 5.25% | Pay Full Amount of Claim |
| Cook Moving System Storage Rental Contract | $18,000.00 (Arrearage) | $9,741.00 | Pro-Rata | 0% | Pay Value of Collateral |
| Mccollistor's Transportation G Storage Rental Fee | $800.00 (Arrearage) | $3,000.00 | Pro-Rata | 0% | Pay Full Amount of Claim |

Secured creditors shall retain their liens on the collateral which is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

E. Priority Creditors

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Monthly Payment or Method of Disbursement |
|---|---|---|---|
| Internal Revenue Service | $9,461.91 | Along With | Pro-Rata |
| New York State Dept of Taxatio | $2,764.61 | Along With | Pro-Rata |

F. General Unsecured Creditors, [including claims from rejection of contracts, leases and contracts for deed]. The Trustee will pay allowed general, unsecured claims unless otherwise ordered by the Court. Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the     **60th**     month of the Plan.

G. Cure claims on Assumed Executory Contracts, Contracts for Deed & Leases:

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Monthly Payment or Method of Disbursement |
|---|---|---|---|

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**　　　　　　　　　　　　Case No. **16-11077**

　　　　　　　　　Debtor(s)　　　　　　　　　　　　　　Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN　　☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 4*

**Totals:**

| | |
|---|---:|
| Administrative Claims | **$2,570.00** |
| Arrearage Claims | **$10,541.00** |
| Secured Claims | **$3,264.00** |
| Priority Claims | **$12,226.52** |
| Unsecured Claims | **$12,177.53** |
| Cure Claims | **$0.00** |

H. Lien Avoidance under 11 U.S.C. § 522(f)

MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this plan must be filed no later than fourteen (14) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien, i.e. judicial, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
| | | |

### IV. General Information

| Notice: | Local Rule 3002 provides, in part: |
|---|---|
| *"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor if the Debtor is pro se)."* | |

**Limiting Notice After Deadline to File a Proof of Claim:**

　　For pleadings requiring notice on all creditors and filed after the deadline to file a proof of claim, parties in interest need only serve the Limited Notice List and the Limited Notice List shall include the following:
　　a. the United States Trustee for the Western District of Texas, Austin Division;
　　b. the Chapter 13 Trustee for the Western District of Texas, Austin Division;
　　c. the Debtor(s) unsecured creditors or their respective counsel, provided however that they filed a claim or notice of appearance;
　　d. all secured creditors in this case or their counsel;
　　e. all taxing authorities holding claims against the Debtor(s);
　　f. all parties who have, by notice of entry of appearance advised the Court and counsel for the Debtor(s) that they desire to receive notices herein;
　　g. government agencies required to receive notice under the Bankruptcy Rules and above-named.

Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. The deadline for the filing of objections to confirmation is fourteen (14) days prior to the confirmation hearing.

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300*

Rev. 11/15/13

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**      Case No. **16-11077**

Debtor(s)      Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN ☐ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

---

Respectfully submitted this date: __9/30/2016_____.

**/s/ Carolyn Sonja Pehrson**
Carolyn Sonja Pehrson
6500 Champion Grand View Way #8212
Austin, TX 78750
(Debtor)


**/s/ Kimberly Nash**
Kimberly Nash
609 Castle Ridge Rd., Ste. 220
Austin, TX 78746
(Attorney for Debtor)

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Carolyn Sonja Pehrson**      CASE NO    **16-11077**

*Debtor(s)*      CHAPTER    **13**

## EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| Month | Payment | Month | Payment | Month | Payment |
|---|---|---|---|---|---|
| 1 | $100.00 | 21 | $549.00 | 41 | $549.00 |
| 2 | $549.00 | 22 | $549.00 | 42 | $549.00 |
| 3 | $549.00 | 23 | $549.00 | 43 | $549.00 |
| 4 | $549.00 | 24 | $549.00 | 44 | $549.00 |
| 5 | $549.00 | 25 | $549.00 | 45 | $549.00 |
| 6 | $549.00 | 26 | $549.00 | 46 | $549.00 |
| 7 | $549.00 | 27 | $549.00 | 47 | $549.00 |
| 8 | $549.00 | 28 | $549.00 | 48 | $549.00 |
| 9 | $549.00 | 29 | $549.00 | 49 | $549.00 |
| 10 | $549.00 | 30 | $549.00 | 50 | $549.00 |
| 11 | $549.00 | 31 | $549.00 | 51 | $549.00 |
| 12 | $549.00 | 32 | $549.00 | 52 | $549.00 |
| 13 | $549.00 | 33 | $549.00 | 53 | $549.00 |
| 14 | $549.00 | 34 | $549.00 | 54 | $549.00 |
| 15 | $549.00 | 35 | $549.00 | 55 | $549.00 |
| 16 | $549.00 | 36 | $549.00 | 56 | $549.00 |
| 17 | $549.00 | 37 | $549.00 | 57 | $549.00 |
| 18 | $549.00 | 38 | $549.00 | 58 | $549.00 |
| 19 | $549.00 | 39 | $549.00 | 59 | $549.00 |
| 20 | $549.00 | 40 | $549.00 | 60 | $549.00 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Carolyn Sonja Pehrson**  CASE NO. **16-11077**
*Debtor*

 CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 30, 2016, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Kimberly Nash**
Kimberly Nash
Bar ID:24043840
Fredrick E. Walker PC
609 Castle Ridge Rd., Ste. 220
Austin, TX 78746

| | | |
|---|---|---|
| 800 Loanmart<br>xxx2525<br>15821 Ventura Blvd Ste 1<br>Encino, CA 91436 | Chase<br>xxxxxxxxxxxx0326<br>Po Box 15298<br>Wilmington, DE 19850 | Discover Fin Svcs Llc<br>xxxxxxxxxxxx1166<br>Po Box 15316<br>Wilmington, DE 19850 |
| American Honda Finance Corporation<br>xxxxx6816<br>PO Box 168088<br>Irving, TX 75016-8088 | Cook Moving System<br>1845 Dale Rd<br>Buffalo, NY 14225 | Fed Loan Serv<br>xxxxxxxxxxxxx0003<br>Po Box 60610<br>Harrisburg, PA 17106 |
| Capital One<br>xxxxxxxxxxxx1661<br>15000 Capital One Dr<br>Richmond, VA 23238 | Deborah B. Langehennig<br>Chapter 13 Trustee<br>6201 Guadalupe St<br>Austin, TX 78752 | Fed Loan Serv<br>xxxxxxxxxxxxx0006<br>Po Box 60610<br>Harrisburg, PA 17106 |
| Carolyn Sonja Pehrson<br>6500 Champion Grand View Way #8212<br>Austin, TX 78750 | Deborah B. Langehennig<br>3801 S. Capital of Texas Hwy, Ste 320<br>Austin, TX 78704 | Fed Loan Serv<br>xxxxxxxxxxxxx0002<br>Po Box 60610<br>Harrisburg, PA 17106 |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: __Carolyn Sonja Pehrson__          CASE NO. **16-11077**
*Debtor*

_____          CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

(Continuation Sheet #1)

---

Fed Loan Serv
xxxxxxxxxxxx0004
Pob 60610
Harrisburg, PA 17106

IRS Insolvency Office
300 E. 8th St., Mail Stop 5026AUS
Austin, TX 78701

Sears
xxxxxxxxxxxx8521
Po Box 6282
Sioux Falls, SD 57117


Fed Loan Serv
xxxxxxxxxxxx0005
Pob 60610
Harrisburg, PA 17106

Loanme Inc
xx6459
1900 S State College Blv
Anaheim, CA 92806

Security Credit System
xxx4249
622 Main St Ste 301
Buffalo, NY 14202


Fed Loan Serv
xxxxxxxxxxxx0001
Po Box 60610
Harrisburg, PA 17106

Mccollistor's Transportation Group
7091 Central Ave
Newark, CA 94560

Target
xxxxx8825
Po Box 673
Minneapolis, MN 55440


Fed Loan Serv
xxxxxxxxxxxx0008
Po Box 60610
Harrisburg, PA 17106

Navient
xxxxxxxxxxxxxxxxxx1004
Po Box 9500
Wilkes Barre, PA 18773

Target
xxxxx7956
Po Box 673
Minneapolis, MN 55440


Fed Loan Serv
xxxxxxxxxxxx0007
Po Box 60610
Harrisburg, PA 17106

New York State Dept of Taxation and Fina
xxx-xx-5610
Bankruptcy Section
PO Box 5300
Albany NY 12205-0300

United States Attorney
Civil Process Clerk
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216


Hsbc Bank
xxxxxxxxxxxx6988
Po Box 9
Buffalo, NY 14240

Recovery Management Systems Corporation
Ramesh Singh
25 SE 2nd Avenue, Ste. 1120
Miami, Florida 33131-1605

United States Attorney General
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530


Internal Revenue Service
xxx-xx-5610
Special Procedures - Insolvency
P.O. Box 7346
Philadelphia, PA 19101-7346

Sallie Mae
xxxxxxxxxxxx4927
300 Continental Dr
Newark, DE 19713

Wells Fargo
xxxx9539
Po Box 5156
Sioux Falls, SD 57117